IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Jennifer Grillo,** | CASE NO. 1:24cv00261 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Compass Health Brands Corp.,** | |
| **Defendant.** | MEMORANDUM OF OPINION AND ORDER |

This matter comes before the Court upon the parties' Joint Motion for Leave to file Joint Motion for Approval of Settlement and Dismissal of the Action Under Seal. (Doc. No. 10.) For the following reasons, the parties' Joint Motion is DENIED WITHOUT PREJUDICE, as set forth below.

I. Background

On February 12, 2024, Plaintiff Jennifer Grillo ("Grillo") filed the instant action against Defendant Compass Health Brands Corporation ("Compass Health"). (Doc. No. 1.) In her Complaint, Grillo alleges that she worked as an Imprint Sales Account Manager for Compass Health from January 2022 through May 2023. (*Id*. at ¶ 12.) Grillo alleges that Compass Health paid her on an hourly and commission basis, and classified her as "non-exempt from the [Fair Labor Standards Act's] compensation requirements." (*Id*. at ¶¶ 13, 14.) She further alleges that she worked on average sixty (60) hours per week. (*Id*. at ¶ 16.) Despite knowing that she often worked over sixty (60) hours per week, Grillo alleges that her supervisor repeatedly instructed her to clock out after working forty-five (45) hours per week. (*Id*. at ¶¶ 17-22.)

Grillo alleges that "[t]hroughout her employment as Imprint Sales Manager, [Compass Health] required [her] to work 60 hours per workweek but not did compensate her at a rate of one

and one-half times the regular rate of pay for the hours [she] worked in excess of 40 per workweek." (*Id*. at ¶ 23.) Grillo also alleges that Compass Health failed to either (1) pay her promptly; or (2) make, keep, and preserve records of the unpaid work she performed. (*Id*. at ¶¶ 24-25.)

Based on the above, Grillo alleges claims for (1) violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Count I); (2) violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01, *et seq*. (Count II); and (3) violations of Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.15 (Count III). Compass Health filed an Answer on April 15, 2024. (Doc. No. 4.)

The Court conducted a Case Management Conference on May 28, 2024, at which time various deadlines were set. (Doc. No. 9.) Several months later, on October 16, 2024, the parties advised the Court that they had reached a settlement. The Court directed the parties to file a Joint Motion for Approval of Settlement and Dismissal by October 25, 2024.

On October 24, 2024, the parties filed the instant Joint Motion for Leave to File their Joint Motion for Approval of Settlement and Dismissal of Action under Seal. (Doc. No. 10.) Therein, the parties state that their anticipated Joint Motion for Approval of Settlement (and related documents) "cite to confidential terms of a settlement entered into by Plaintiff and Defendant that resolves, among other things, including [sic] claims alleged by Plaintiff outside of the pleadings in this matter, Plaintiff's claimed violations of the FLSA." (*Id*. at p. 1.) The parties explain that "[o]ne of the material terms of the settlement is the protection and preservation of the confidential nature of the terms and conditions of their agreement, as such the Parties desire that the Agreement remain confidential and not become part of the public record." (*Id*.) Although the parties acknowledge that Court approval of their proposed settlement is required, they assert that they "have an interest in

maintaining the privacy of their financial affairs, including any amounts paid to resolve this lawsuit." (*Id*.) The parties therefore request that the Court permit them to file their Joint Motion for Approval under seal or, alternatively, that they be "permitted to redact the settlement amount from their Joint Motion and exhibits for the public docket and file an unredacted version under seal." (*Id*. at p. 2.)

II.     **Analysis**

The Sixth Circuit has made it clear that there is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* This burden "is a heavy one: 'Only the most compelling reasons can justify nondisclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

"In most cases, settlement agreements are not judicial documents that require preservation of public access." *Altier v. A Silver Lining LLC*, 2017 WL 10402564 at *1 (S.D. Ohio Nov. 15, 2017). As numerous courts have recognized, however, FLSA cases are different. *See, e.g., Walker v. Bekaert Corp.*, 2023 WL 6845487 at * 1-2 (N.D. Ohio Oct. 17, 2023); *Polch v. Paul F. Vanek, Jr. M.D., Inc.*, 2020 WL 6383186 at * 1 (N.D. Ohio Oct. 30, 2020) (Barker, J.); *Camp v. Marquee Constr., Inc.*, 2020 WL 59517 at *1 (S.D. Ohio Jan. 6, 2020); *Smolinski v. Ruben & Michelle Enterprises Inc.*, 2017 WL 835592 at *1 (E.D. Mich. Mar. 3, 2017). Indeed, "[t]hose courts that have expressly considered the question have held overwhelmingly … that the presumption of public access applies to FLSA settlements." *Smolinski*, 2017 WL 835592 at *1 (quoting *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d

3

332, 340 (S.D.N.Y. 2012). *See also Walker*, 2023 WL 6845487 at * 2; *Zego v. Meridian-Henderson*, 2016 WL 4449648 at * 1 (S.D. Ohio Aug. 24, 2016).

This presumption of public access is supported by two rationales. First, "any settlement under the FLSA must be approved by the Court." *Altier*, 2017 WL 10402564, at *1. As such, public access is supported by "the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id.* (quoting *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919 at *2 (W.D.N.Y. Nov. 2, 2010); *see also Smolinski*, 2017 WL 835592 at *1 ("Court approval of a FLSA settlement agreement is viewed as a 'judicial act' that subjects the agreement to the same presumption of public access as any 'judicial document.'"). Second, public access to FLSA settlements is also supported by "the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.'" *Altier*, 2017 WL 10402564 at *1 (quoting *Hens*, 2010 WL 4340919 at *2).

Thus, where, as here, parties seek to keep their FLSA settlement confidential, they must overcome the strong presumption in favor of public access. *See, e.g.*, *Camp*, 2020 WL 59517 at *1; *see also Farris v. Communicare Health Services, Inc.*, 2016 U.S. Dist. LEXIS 173583 at *2 (N.D. Ohio Dec. 15, 2016). This is not an easy task, as "[a]bsent an 'extraordinary reason,' such settlement agreements should not be sealed." *Camp*, 2020 WL 59517 at *1; *see also Stanley v. Turner Oil & Gas Properties, Inc.*, 2017 WL 5068444 at *1 (S.D. Ohio July 24, 2017) ("The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents.'") (quoting *Smolinski*, 2017 WL 835592 at *3).

In addition, some courts also have held that "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele v. Staffmark Investments, LLC*, 172 F.Supp.3d 1024, 1031 (W.D. Tenn. 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010)). This is because "[c]onfidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute." *David v. Kohler Co.*, 2019 WL 6719840 at *5 (W.D. Tenn. Dec. 10, 2019). For example, "[e]mployees with firsthand knowledge and experience of the FLSA might be the most obvious source of information about the Act for their co-workers." *Id.* However, "if they are bound to keep that knowledge to themselves because of a preexisting agreement, they will be prevented from counseling or assisting co-workers in their own protected activity." *Id.*

Here, the parties have requested that the Court allow them to file their Joint Motion for Approval and Exhibits (including, presumably, the proposed Settlement Agreement), under seal. (Doc. No. 10.) The parties also note that their proposed Settlement Agreement contains a confidentiality provision. (*Id.* at p. 1.) The parties, however, fail to acknowledge or address the numerous cases that have rejected parties' requests to file Joint Motions for Approval in FLSA cases under seal and/or declined to approve FLSA Settlement Agreements that contain confidentiality provisions. Indeed, although not cited in the parties' Motion, the undersigned has repeatedly denied requests to file Joint Motions for Approval in FLSA cases under seal (and has declined to approve FLSA settlements that include confidentiality provisions), including in FLSA cases which were brought by individual plaintiffs and not as collective actions. *See, e.g., Chime v Family Life*

5

*Counseling and Psychiatric Services*, 2020 WL 6746511 (N.D. Ohio Nov. 17, 2020) (Barker, J.); *Polch,* 2020 WL 6383186 at * 1; *Ebaben v. McDonald's Corp.*, Case No. 1:21cv00272 (N.D. Ohio) (Barker, J.) (Doc. No. 15.)

Rather, the parties argue generally that there is good cause to seal their Joint Motion for Approval and "preserve the confidentiality of the [Settlement] Agreement" because they have a valid interest in "maintaining the privacy of their financial affairs." (Doc. No. 10 at p. 1- 2.) The Court finds that this is insufficient to justify depriving the public of access to a settlement under the FLSA. *See Altier*, 2017 WL 10402564 at *2 ("[T]he parties' 'intention' that the agreement remain confidential is not an extraordinary reason sufficient to overcome the strong presumption of public access to FLSA settlements, and is certainly not sufficient to permit the Court to 'set forth specific findings and conclusions which justify nondisclosure to the public.'") (citation omitted); *see also Snook v. Valley OB-GYN Clinic, P.C.*, 2014 WL 7369904 at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access.").

The Court also rejects the parties' argument that they should be permitted to file their Joint Motion for Approval under seal because "Plaintiff brings her claims for herself only, making the resolution of this matter of no import to the public at large." (Doc. No. 10 at p. 2.) As numerous courts have held "[t]he public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access judicial documents.'" *Farmer v. LHC Grp., Inc.*, 2023 WL 3292112 at *1 (S. D. Ohio May 5, 2023) (quoting *Smolinski,* 2017 WL 835592, at *3). *See also Zego*, 2016 WL 4449648 at *1; *Chime*, 2020 WL 6746511 at *3; *Stanley v. Turner Oil & Gas Props.*, 2017 WL 5068444 at *2-3 (S.D. Ohio July 24,

6

Case: 1:24-cv-00261-PAB  Doc #: 11  Filed:  10/25/24  7 of 9.  PageID #: 55

2017) (limited motion to redact FLSA settlement amounts denied)).  Courts have also found that "the public has an interest in the outcome of FLSA litigations, regardless of the number of plaintiffs in the case."  *Camp*, 2020 WL 59517 at * 1.  *See Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, 2019 WL 978472 at *2 (S.D. Ohio Feb. 28, 2019) (denying parties' joint motion to seal settlement in FLSA wage and hour case where there was only one plaintiff).  Here, the parties offer no persuasive reason why the public interest is any less for an individual settlement than a collective action one.  And, indeed, the undersigned has refused to recognize any such distinction and, in fact, has declined to approve FLSA settlement agreements involving individual plaintiffs where those agreements were not filed on the public docket and contained confidentiality provisions.  *See, e.g., Ebaben*, Case No. 1:21cv272 (N.D. Ohio) (Doc. No. 15); *Chime*, 2020 WL 6746511.

Accordingly, and for all the reasons set forth above, the Court finds that the parties have failed to demonstrate any compelling reason for permitting them to file their Joint Motion for Approval of Settlement and Dismissal (and Exhibits) under seal.  The Court also rejects the parties' alternative request that the Court permit them to redact the settlement amount from their Joint Motion for Approval and Exhibits for filing on the public docket, and file unredacted versions under seal.  (Doc. No. 10 at p. 2.)  As other district courts have noted, "defendants everywhere would rather not advertise the amounts for which they settled – the Court understands that position.  But that's part of the purpose of the FLSA; to use the legal system to advertise employees' rights through litigation." *Stanley*, 2017 WL 5068444 at *2.  The payment amounts are a small portion of the agreement, but they are an important part.  *Id.  See also Walker*, 2023 WL 6845487 at * 2.

That being said, the Court does note the following.  Although unclear, it appears that the parties' proposed Settlement Agreement may resolve both FLSA and non-FLSA claims.  While this

Court requires Motions for Approval of FLSA Settlement Agreements to be filed on the public docket for all the reasons discussed above, the Court does not typically require settlement agreements involving the non-FLSA claims of individual plaintiffs to be filed on the public docket. In the instant case, the parties fail to sufficiently explain whether the instant Settlement Agreement also includes the resolution of non-FLSA claims for which Court approval is not required. If it does, the parties may file a renewed Motion for Leave to File under Seal that proposes a mechanism for protecting the confidentiality of the parties' resolution of such non-FLSA claims.[1]

### III. Conclusion

For the reasons set forth above, the parties' Joint Motion for Leave to File Joint Motion for Approval of Settlement and Dismissal of Action under Seal (Doc. No. 10) is denied without prejudice. By November 8, 2024, the parties shall either (1) file on the public docket a renewed Joint Motion for Leave to file Joint Motion for Approval under seal that proposes a mechanism for protecting the confidentiality of the parties' resolution of Plaintiff's non-FLSA claims; (2) file on the public docket a Joint Motion for Approval of Settlement and Dismissal of Action and a revised Settlement Agreement omitting the confidentiality provision; or (3) file a joint notice advising the Court that the parties have withdrawn from the settlement and the Court should proceed with this litigation.

**IT IS SO ORDERED.**

---

[1] By way of example only, the Court notes that in *Chime, supra*, the parties addressed a similar situation by "allocat[ing] a portion of the settlement to the FLSA claims and [] execut[ing] a Settlement Agreement and Release of Claims with respect to the FLSA claims." *Chime*, 2020 WL 6746511 at * 3. The parties executed "a separate Confidential Settlement Agreement and Release with respect to the non-FLSA claims, for which the parties d[id] not seek approval." *Id.* The parties explained that "the purpose of the parties executing two separate settlement agreements is to facilitate filing the FLSA settlement agreement with the Court without doing so under seal, while also preserving the confidentiality of the parties' settlement related to the other claims and counterclaims." *Id.*

|  |  |
|---|---|
| Date: October 25, 2024 | s/Pamela A. Barker<br>PAMELA A. BARKER<br>U. S. DISTRICT JUDGE |